In the Matter of the Assignment of WILLIAM SUTCLIFFE to HADLEY JONES for the Benefit of Creditors.

SAMUEL K. NESTER, Appellant; HADLEY JONES, as Assignee, etc., of WILLIAM SUTCLIFFE, Respondent.

*Assignee for creditors — entitled to subrogation to the valid claims he has paid — charges and credits upon his accounting — decree not modified on appeal so as to embrace a small charge for interest.*

If an assignee for the benefit of creditors pays valid claims against the assigned estate, he is entitled to be subrogated to the rights of the creditors whose claims are so paid, and to have such claims considered in ascertaining the *pro rata* share to which an unpaid creditor of the assignor is entitled.

Where the neglect of the assignee for the benefit of creditors to dispose of the assigned property in the usual manner is satisfactorily explained (he having done what he did by the advice and with the consent of the parties interested in the assigned estate, and having disposed of the property in a manner which was manifestly for the best interest of the unsecured and unpreferred creditors), the assignee upon his accounting, in a proceeding instituted upon the petition of an unsecured and unpreferred creditor, is properly chargeable with the full market value of the assigned property, and credited with the amount of the incumbrances thereon, the amount he has paid to the holders of incumbrances, the amount of any preferred claim paid by him, and the amount of his costs, expenses and commissions.

A decree will not be modified upon appeal became of its failure to allow interest, when the amount of such interest is not more than one or two dollars.

APPEAL by Samuel K. Nester, a judgment creditor, from a judgment of the County Court of Cayuga county, entered in the office of the clerk of the county of Cayuga on the 9th day of July, 1894, upon the decision of the court.

*Dwight B. Backenstose*, for the appellant.

*E. C. Aiken*, for the respondent.

LEWIS, J.:

On the 5th day of January, 1892, William Sutcliffe, a resident of the city of Auburn, made a general assignment of all his property to Hadley Jones in trust for the benefit of his creditors. The assignee made and filed an inventory of the estate, from which it appears that the only property that went to the assignee under the

assignment was two parcels of land, described in the inventory as parcels No. 1 and No. 2. No. 1 was a lot with a brewery on it; No. 2 was a vacant lot, both situate in the city of Auburn. All the personal property in the brewery was, at the time of the assignment, in the hands of the sheriff, and was subsequently sold by him at execution sale. The book accounts and evidences of debt that had accrued in the brewery business had been, prior to the assignment, transferred to the assignor's wife in part payment of a debt he owed her.

The assigned property was largely incumbered at the time of the assignment by mortgages, judgments and mechanics' liens. Its actual value, inclusive of incumbrances, was $81,500. There were outstanding, besides the debts secured by mortgages, judgments and liens, claims against the assignor amounting to some $30,000, including the claim of the appellant Nester of $6,344.08.

The assignor, at the time of making the assignment, was engaged in operating the brewery, and it was important to all interested that the business should be continued. The personal property with which the brewery had been operated was, as stated, in the hands of the sheriff and was soon sold. The assignor's wife, Mrs. Sutcliffe, became the owner of this personal property and the business was continued. The assignee made diligent efforts to sell the property, and, being unable to find a purchaser, he attempted to borrow money by mortgaging the property. He was not able to raise any money in that manner. The holders of incumbrances were pressing for payment of their claims; foreclosure of one of the mortgages had been commenced, and the assignee consulted with the creditors, including the appellant, as to the best course to be pursued with the property. It was determined that it was for the interests of all concerned that the brewery should be put into a stock company. The creditors, including the appellant, so advised and the assignee proceeded to form a stock company for the purpose of operating the brewery. Bonds of the corporation were issued, and with them the assignee arranged with the creditors, the most of them taking bonds in payment of their claims. Bonds were tendered to the appellant in payment of his claim. Mr. Nester declined to receive them and commenced this proceeding before the special county judge of Cayuga county to compel the assignee to ren-

der an account of his proceedings. The assignee filed an account and the proceedings came on for hearing before the special county judge of Cayuga county, and after hearing the evidence the court found and decided that the assignee should be charged with the value of the assigned property, which was found to be the sum of $81,500. The assignee was credited with the amount of the incumbrances upon the property and the amount that he had paid to the[1] holders of the incumbrances, the amount of a preferred claim held by a Mr. Wildner for wages, the costs of an appeal allowed the creditor Nester in a former proceeding, his expenses, disbursements and commissions as assignee, which sums deducted from the value of the estate left a balance to be distributed among the unsecured and unpreferred creditors of $14,742.60.

The court further found that the *pro rata* share which the appellant was entitled to be paid to apply upon his claim was the sum of $3,084.55, with interest from the 13th day of July, 1892, and the assignee was adjudged liable to pay said sum, and, in addition thereto, the sum of $119.03 costs allowed upon a former appeal to the General Term, together with $150 costs of the proceeding.

We are satisfied from an examination of the case that the findings and conclusions of the trial court are fully sustained by the evidence. The neglect of the assignee to dispose of the property in the usual manner was satisfactorily explained. What he did, as stated, was by the advice and with the consent of the parties interested in the estate, and the manner in which the property was disposed of was manifestly for the best interests of the unsecured and unpreferred creditors. Such being the case, charging the assignee with the full market value of the assigned property and crediting him, as stated, was a proper disposition of the matter. (*Adair* v. *Brimmer*, 74 N. Y. 539.) The assignee having arranged and paid the claims against the estate in the manner stated, he was entitled to be subrogated to the rights of the creditors therein, and he was entitled to have them reckoned in ascertaining the *pro rata* share to which the appellant Nester was entitled. (24 Am. & Eng. Ency. of Law, 290.) The demands of the creditors against the estate contained in the schedules filed by the assignee were shown upon the trial to have been valid claims.

There was sufficient evidence, we think, to justify the trial court

in allowing Mrs. Sutcliffe's claim of $1,623.11, which was presented during the trial of the proceeding.

Our attention is called by the appellant's counsel to the omission of the trial court to allow the appellant interest upon the item of $119.03 costs. If the court fell into an error in that regard the amount involved is so small as not to justify a modification of the decree for that reason, for if allowed it would not increase the amount awarded to the appellant by more than from one to two dollars.

We do not find any cause for disturbing the decree appealed from; it should be affirmed, with costs.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Decree of the County Court of Cayuga county appealed from affirmed, with costs.